UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRACKET COMPANY INC., et al.,<br>Plaintiffs,<br>v.<br>SHAW WALTERS,<br>Defendant. | Case No. 26-cv-12995-RFL<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED WITHOUT PREJUDICE** for the reasons below as well as those stated on the record. Plaintiffs have not sufficiently established a likelihood of success or even a serious question as to the merits regarding any of their claims.

As to the claims for breach of contract and intentional interference with contracts, the Terms of Service were not reasonably conspicuous under *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022). There is insufficient evidence that Walters or the Doe Defendants either had actual knowledge of or were on inquiry notice of the terms, including the prohibition on copying or reverse engineering. Plaintiffs have thus not shown that Defendants formed a contract assenting to those terms.

As to the trade secret claims, Plaintiffs' expert declaration states that Walters downloaded (a) object code that "can be read from a public node of the Solana network," and (b) "the website's application code, its stylesheets, fonts and icons, pump.fun's logomark, and the HTML," none of which are alleged to be inaccessible to users like Walters. (Dkt. No. 7-3, ¶¶ 16-17, 42.) Reverse engineering a trade secret from lawfully accessed materials is not a basis for

finding trade secret misappropriation. Cal. Civ. Code § 3426.1(a); 18 U.S.C. § 1839(6)(B).

Plaintiffs argue that Walters used improper means by utilizing a bot that misidentified itself as a Google crawler to evade Cloudflare's bot management controls. However, there is no evidence that the bot obtained access to anything to which Walters lacked lawful access. Although Plaintiffs' counsel argued at the hearing that there were additional items the bot accessed that Walters could not have, counsel were unable to identify exactly what that was or why those items were necessary to the development of the reverse engineered source code, or point to evidence in the record to that effect. On the current record, there is thus not sufficient evidence that Walters, or the Doe Defendants, likely engaged in trade secret misappropriation. The UCL claims are not likely to succeed for the same reasons.

The denial of the motion is without prejudice to Plaintiffs refiling their motion if they are able to obtain evidence bridging the gap identified. Plaintiffs are **ORDERED** to electronically serve a copy of this Order on all Defendants through the same means specified in the Court's November 3, 2026 Order. (Dkt. No. 13.) If any of the X accounts owned by the Doe defendants are no longer publicly accessible, Plaintiffs may provide notice to the Doe defendants through any equivalent method of service.

**IT IS SO ORDERED.**

Dated: November 5, 2026

RITA F. LIN
United States District Judge